UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Gregory Luman,

                                                  Case No. 15-54207
                                                  Chapter 13
                                                  Hon. Mark A. Randon

            Debtor.
_____/

**<u>OPINION AND ORDER APPROVING
DEBTOR'S PROPOSED PLAN MODIFICATION</u>**

**I.    INTRODUCTION**

There are often good reasons for a Chapter 13 debtor–whose income permits a 36-month plan–to propose a 60-month plan of reorganization. Not one is present here. Debtor is 62, in very poor and deteriorating health, and makes below Michigan's median income for his family's size. His Chapter 13 objective was twofold: strip a second lien and address $84,543.08 in unsecured debt; there are no defaults to cure or priority unsecured creditors to pay.[1] A 36-month plan was, therefore, required.[2] But through his attorney's inadvertence or mistake, Debtor proposed a 60-month plan, which the Court confirmed on May 17, 2016.

---

    [1] If there were, Debtor may benefit from lower payments spread out over a longer commitment period.

    [2] Section 1322(d)(2) provides that when a debtor's income is below the State's median income for his or her household size, "the plan may *not* provide for payments over a period that is longer than 3 years, *unless the court, for cause, approves a longer period*, but the court may not approve a period that is longer than 5 years." (Emphasis added).

1

Eight months later, having realized his error, Debtor's attorney now moves to modify the plan–to reduce its length to 36 months. The Chapter 13 Trustee objects. She argues that: (1) section 1327 binds Debtor to the confirmed plan length; (2) Debtor has not articulated a change in financial circumstances sufficient to allow a plan modification; and (3) the modification, if approved, would needlessly reduce the dividend to unsecured creditors (from approximately $5,000.00 to $1,000.00).

Because: (1) section 1329(a)(2) permits modifications that reduce the time for payments; and (2) the proposed modification complies with sections 1322(a), 1322(b), 1323©, and 1325(a), the bankruptcy code does *not* require Debtor to additionally show an unanticipated or substantial change in his financial circumstances. The Court **OVERRULES** the Trustee's objection and **APPROVES** Debtor's proposed plan modification, reducing the commitment period to 36 months.

**II.    ANALYSIS**

Generally, the doctrine of *res judicata* prohibits parties from litigating issues that could have been decided at the confirmation hearing. *United States v. Shultz (In re Shultz)*, No. 05-8038, 2006 WL 1407466, at *3 (B.A.P. 6th Cir. May 19, 2006); *see also* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor[.]"). However, section 1329(a)(2) provides that a plan can be modified post-confirmation to "reduce the time for . . . payments[.]" Once approved, the modified plan controls. 11 U.S.C. § 1329(b)(2).

The Trustee argues that Debtor must articulate a change in his financial circumstances to obtain a post-confirmation modification–even though under section 1322(d)(2), no cause existed to extend the plan length to 60 months in the first place. *See*

*In re Pasley*, 507 B.R. 312, 318 (Bankr. E.D. Cal. 2014) ("at the time of confirmation, there was cause within the meaning of § 1322(d)(2) to extend the term of the Original Plan [from 36] to 60 months"). The Court disagrees. A "change in circumstances" requirement does not appear in section 1329. *In re Witkowski*, 16 F.3d 739, 744 (7th Cir. 1994) ("The Code, in this instance § 1329, does not require any threshold requirement for a modification and we will not use the legislative history to create a rule where none exists."); *In re Brown*, 219 B.R. 191, 195 (B.A.P. 6th Cir. 1998) ("Although the court may properly consider changed circumstances in the exercise of its discretion, § 1329 does not contain a requirement for unanticipated or substantial change as a prerequisite to modification."). Instead, to obtain the Court's approval, the proposed modification need only fall within section 1329(a)(1), (2), (3), or (4) and comply with sections 1322(a), 1322(b), 1323© and 1325(a). It does.[3] *But see In re Storey*, 392 B.R. 266 (B.A.P. 6th Cir. 2008) (holding that modification of a confirmed plan is *also* limited to matters that arise *post*-confirmation).[4]

Even assuming a post-confirmation reason for the modification must be shown, the Court finds the post-confirmation deterioration of Debtor's health and his probable inability to continue working for the 60-month commitment period suffice.[5] The Court understands this will negatively impact unsecured creditors, but they will still receive

---

[3]For example, unsecured creditors would receive $0.00 in a liquidation, and the necessity of correcting the attorney's error is a good faith reason to propose the modification.

[4]The Sixth Circuit has yet to rule on this specific issue.

[5]The Trustee stipulates that Debtor was, and remains, eligible for a 36-month plan.

more than they would in a liquidation.  And, Debtor gets the benefit of keeping an additional 48 biweekly payments of $84.30, advancing his goal of a fresh start.

Last, Federal Rule of Civil Procedure 60(b)(1) would allow the Court to grant Debtor's requested relief based on mistake, inadvertence, surprise, or excusable neglect. *See In re Ragland*, 544 B.R. 393, 397 (Bankr. S.D. Ohio 2016) ("Another avenue by which the Debtor may have modified or vacated the Confirmation Order is a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and (2)."). Because less than a year has passed since Debtor's plan was confirmed, the Court would have also granted relief under Rule 60, had such a motion been filed.[6]

### III.   CONCLUSION

For the foregoing reasons, the Trustee's objection is **OVERRULED** and Debtor's proposed plan modification is **APPROVED**. Debtor's plan length is reduced from 60 months to 36.

**IT IS ORDERED**.

**Signed on February 03, 2017**

.

       /s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**

---

[6]The Court prefers this procedure to fix pre-confirmation mistakes.